## In re Division of Thirteenth Ward

*James P. Costello, Robert J. Gillespie,* and *Israel T. Klapper,* for petitioners.

*Raymond A. Livingston,* for objectors.

FLANNERY, J., May 15, 1945.—Petitioners, qualified electors of the City of Hazleton, Luzerne County, Pa., have—after due notice—applied to the court for a division of the 13th ward, said city, into two voting districts.

It appears that there are approximately 1,250 registered voters in the said ward which, under the present arrangement, constitutes one voting district.

The said ward is a rectangular area approximately 17 blocks long and 10 blocks wide, with an off-set on the southwest corner and an area on the northeast corner which is not built up.

By reason of the population, as well as the geographic extent of the ward, great inconvenience is caused both to the citizens in casting and to the election officials in tabulating the vote of that district.

Petitioners propose to divide the ward into two voting districts on a line running over Ninth Street somewhat south of the center of the rectangle, after which there would be approximately 600 voters in the first district, or southern one-half part of the ward and approximately 670 voters in the second district, or northern portion of the ward.

Under the counter proposal offered by the objectors it is recommended that the ward be divided lengthwise along Carson Street, a so-called perpendicular division, as a result of which it is alleged there would be approximately 550 registered voters in the first district, or western one half, and 650 voters in the second district, or eastern one half.

Testimony was offered by both—by the petitioners in behalf of the crosswise or so-called horizontal division along Ninth Street; and by the objectors in behalf of the lengthwise or perpendicular division along Carson Street.

It is not seriously controverted that the southern end of the ward is thickly populated and the northern end is more sparsely populated. As voting facilities are now arranged, electors from the northern end of the ward must travel a great distance, at considerable inconvenience, in order to exercise their right of franchise.

It is admitted by all parties concerned that a division of the ward into two voting districts is in order for the public convenience and for efficiency in the conduct of elections in the said ward.

A careful review of the testimony, a study of the ward geographically, and the population distribution, satisfies us that a perpendicular or lengthwise division would double the inconvenience rather than eliminate it and would require further and other arrangements of the entire ward in the near future as population in-

creases and housing expands. A crosswise or horizontal division would substantially reduce the inconvenience, both to the citizenry and the election officials, would promote the public interest, would very probably permanently settle the southern end of the ward or the newly designated first district, and would leave the northern end open for further division as, if, and when such need may arise.

Prayer of the petitioners is granted, and the 13th ward of the City of Hazleton, Luzerne County, Pa., is divided into two election districts as follows:

First district to include the territory bounded by the following:

Beginning at a point in the middle line of Ninth Street at the intersection of Ninth Street with Church Street, and extending eastwardly along said Ninth Street to the intersection of Ninth Street and Scott Court; thence extending southwardly on the middle line of Scott Court to a point in the middle line of Scott Court and Third Street; thence westwardly along the northwardly side of Third Street to a point in the middle line of Carson Street; thence northwardly along the middle line of Carson Street to a point in the middle line of Seventh Street; thence westwardly along said middle line of Seventh Street to a point in the middle line of Church Street; thence northwardly along the middle line of Church Street to the point or place of beginning of this description, being the intersection of Ninth Street and Church Street.

Second district to include the territory bounded by the following:

Beginning at a point in the middle line of Ninth Street in the intersection of Ninth Street with Church Street and extending eastwardly along said Ninth Street to the intersection of Ninth Street and Scott Court; thence extending northwardly on the middle line of Scott Court to a point made by the intersection of said Scott Court and Eleventh Street on the boundary of the township of Hazle; thence westwardly along the

middle line of said Eleventh Street on the boundary line of the township of Hazle to a point in the middle line of Hayes Street; thence northwardly along said middle line of Hayes Street to a point made by the intersection of said Hayes Street with Twenty-second Street, which Twenty-second Street abuts or adjoins the Township of Hazle; thence westwardly along the middle line of said Twenty-second Street to a point made by the intersection of said Twenty-second Street and Church Street; thence southwardly along the middle line of Church Street to a point made by the intersection of said Church Street and Ninth Street, which is the place of beginning.

For which election boards shall be as follows:

13th ward, first district, judge of election, Anthony Rentz.

13th ward, first district, majority inspector, Joseph Capece.

13th ward, first district, minority inspector, John Columbus.

13th ward, second district, judge of election, Michael S. Stabach.

13th ward, second district, majority inspector, Rocco Walker.

13th ward, second district, minority inspector, Joseph Sambora.

Which said officers are hereby constituted and appointed and shall hold elections in the said districts until election boards shall have been duly elected according to law.

Polling places are to be selected and fixed and facilities are to be made available by the county board of elections according to law.